# EXHIBIT A

THE LAW OFFICES OF RAMON A. CAMEJO, P.C.
Ramon A. Camejo (Attorney ID No.: 008362006)
110 Elmora Avenue
Elizabeth, New Jersey 07202
Telephone No.: (908) 469-4666
Facsimile No.: (908) 345-6140
Attorneys for Plaintiff, Junior Abreu and Maribel Abreu

RECEIVED / FILED
Superior Court of New Jersey
APR 2 5 2016
CIVIL CASE MANAGEMENT
UNION COUNTY

| | |
|---|---|
| JUNIOR ABREU AND MARIBEL ABREU,<br><br>Plaintiff,<br><br>vs.<br><br>RAHWAY POLICE DEPARTMENT, CITY OF RAHWAY, DET/SGT. RICHARD LONG, DET. SHAWN GANLEY, DET. THOMAS McCOMB, PO GRESHAM, PO MEZEY, , JOHN DOES 1-10 and ABC CORPORATIONS 1-10 (said names being fictitious designations),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNION COUNTY<br>DOCKET NO.: UNN-L-<br>UNN-L 1419 - 16<br>Civil Action<br><br>**COMPLAINT, JURY DEMAND<br>AND DEMAND FOR DISCOVERY** |

The plaintiffs, Junior Abreu and Maribel Abreu, (sometimes hereinafter referred to as the "Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF RAMON A. CAMEJO, P.C., by way of complaint against defendants, Det/Sgt. Richard Long, Det. Shawn Ganley, Det. Thomas McComb, PO Gresham, PO Mezey, PO Gresham, Rahway Police Department, City Of Rahway, John Does 1-10 And ABC Corporations 1-10, (sometimes hereinafter collectively referred to as the "Defendants"), says the following:

## FIRST COUNT

1.      The Plaintiff, Junior Abreu, is an individual residing in the City of Rahway, County of Union and State of New Jersey.

2.      Upon information and belief, defendant, Det/Sgt. Richard Long, is a law enforcement officer employed by the Rahway Police Department.

3.      Upon information and belief, defendant Det. Shawn Ganley, is a law enforcement officer employed by the Rahway Police Department.

4.     Upon information and belief, defendant, Det. Thomas McComb, is a law enforcement officer employed by the Rahway Police Department.

5.     Upon information and belief, defendant, Rahway police officer Mezey, is a law enforcement officer employed by the Rahway Police Department.

6.     Upon information and belief, defendant, Rahway police officer Gresham, is a law enforcement officer employed by the Rahway Police Department.

7.     Upon information and belief, defendant, Rahway Police Department, has offices located at 1 City Hall Plaza, Rahway, New Jersey 07065.

8.     Upon information and belief, defendant, City of Rahway, has offices located at 1 City Hall Plaza, Rahway, New Jersey 07065.

9.     Defendants, John Does 1-10, are individuals who may be liable to the Plaintiff for the injuries he sustained in the within incident, and/or are other individuals not yet identified. Defendants, John Does 1-10, are fictitious names pleaded as Defendants' true identities which are unknown to the Plaintiffs at this time.

10.     Defendants, ABC Corporations 1-10, are the fictitious names of businesses, partnerships, corporations, and/or other legal entities which are or may be liable to Plaintiffs, but their identities are not yet known.

11.     John Does 1-10 and ABC Corporations 1-10, may be the true owners, operators, lessors, lessees, agents, servants, employers, employees, and/or any other persons or entities with an interest in the subject lawsuit and/or the incident in question.

12.     On or about April 24, 2014, the claimant, Mr. Abreu, was wrongfully arrested and sustained severe and permanent personal injuries as a result of an incident that occurred inside his home located at 160 Murray Street, Rahway, New Jersey 07065.

13.     At that time, law enforcement officers, detectives, and/or the like, from the Rahway Police Department, as well as law enforcement officers from other agencies, impermissibly entered Mr.

Abreu's home and brutally attacked him without provocation or justification, resulting in him sustaining severe and permanent personal injuries.

14.    All of the law enforcement officers who voluntarily appeared and/or were dispatched to Mr. Abreu's residence on that date to execute a search warrant of his home were involved in the vicious assault against Mr. Abreu.

15.    Officers participated in the brutal beating of Mr. Abreu by repeatedly punching and kicking Mr. Abreu in the head, face and all over his body; repeatedly punching and kicking Mr. Abreu in the testicles and the groin area; intentionally choking and attempting to asphyxiate Mr. Abreu with his hooded sweater; and by putting the toe of their boots into Mr. Abreu's buttocks when his sweat pants were pulled down and his rear end was exposed.

16.    Mr. Abreu was not the target of the investigation or search warrant.

17.    Mr. Abreu's wife, stepdaughter and stepson were all present and witnessed the attack.

18.    Following the vicious attack, Mr. Abreu was arrested and transported by the defendant officers to the Rahway police precinct and eventually to Robert Wood Johnson University Hospital in Rahway for the serious injuries he sustained.

19.    Mr. Abreu was subsequently wrongfully charged with aggravated assault, a crime of the third degree; resisting arrest, a crime of the third degree; obstructing the administration of law, a crime of the fourth degree, possession of CDS (testosterone), a crime of the third degree, and possession of a hypodermic needle, a disorderly persons offense.

20.    Rahway law enforcement officers, along with other unknown officers, unlawfully, maliciously and intentionally used excessive force, brutally attacked and wrongfully arrested and charged Mr. Abreu.

21.    At the time of the negligence, excessive use of force, police brutality and wrongful arrest, the defendant police officers were employed by the Rahway Police Department and/or the City of Rahway. The defendant police officers' acts of unreasonable force and wrongful arrest were

committed while they were acting within the scope of their employment.  Therefore, the Rahway Police Department, the City of Rahway, County of Union and State of New Jersey are vicariously liable for the officers' actions.

22.     On the aforementioned date, defendants, defendants, Det/Sgt. Richard Long, Det. Shawn Ganley, Det. Thomas McComb, PO Gresham, PO Mezey, PO Gresham, along with other unknown Union City police officers, unlawfully, maliciously and intentionally used excessive force and wrongfully arrested and charged Mr. Abreu.

23.     At the time of the negligence, excessive use of force, and wrongful arrest, the police officers were employed by the Rahway Police Department, the City of Rahway, the County of Union and/or the State of New Jersey.

24.     The Rahway police officers acts of unreasonable force and wrongful arrest were committed while they were acting within the scope of their employment.

25.     Therefore, the Rahway Police Department, the City of Rahway, County of Union and State of New Jersey are vicariously liable for the officers' actions.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants jointly and severally, for:

(a)     Compensatory damages;

(b)     Punitive damages;

(b)     Prejudgment interest;

(c)     Post judgment interest;

(d)     Attorney's fees;

(e)     Costs of suit; and

(f)     Any other relief which the Court deems equitable and just.

## SECOND COUNT

1.    Plaintiffs repeat and reiterate the allegations contained in the First Count of the Complaint as if set forth verbatim and at length herein.

2.    Upon information and belief, at time of the above incident, defendants, Det/Sgt. Richard Long, Det. Shawn Ganley, Det. Thomas McComb, PO Gresham, PO Mezey, and John Does 1-10, were acting as an employee, contractor, subcontractor, agent, servant, with the consent, knowledge and/or permission and/or the like, of the defendants, Rahway Police Department, the City of Rahway, County of Rahway State of New Jersey, John Does 1-10 and/or ABC Corporations 1-10.

3.    Defendants, Rahway Police Department, the City of Rahway, John Does 1-10 and/or ABC Corporations 1-10, knew or should have known that defendant, Det/Sgt. Richard Long, Det. Shawn Ganley, Det. Thomas McComb, PO Gresham, PO Mezey and John Does 1-10, were careless, negligent and/or reckless in performing their job duties.

4.    Therefore, Rahway Police Department, the City of Rahway, County of Union, State of New Jersey, John Does 1-10 and/or ABC Corporations 1-10, are vicariously liable for, among other things, defendants, Det/Sgt. Richard Long, Det. Shawn Ganley, Det. Thomas McComb, PO Gresham, PO Mezey and John Does 1-10, negligence, carelessness and/or recklessness unlawful actions in this incident.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants jointly and severally, for:

      (a)     Compensatory damages;

      (b)     Punitive damages;

      (b)     Prejudgment interest;

      (c)     Post judgment interest;

      (d)     Attorney's fees;

      (e)     Costs of suit; and

(f)     Any other relief which the Court deems equitable and just.

## THIRD COUNT

1.     Plaintiffs repeat and reiterate the allegations contained in the First and Second Counts of the Complaint as if set forth verbatim and at length herein.

2.     On or about April 24, 2014, the claimant, Mr. Abreu sustained severe and permanent personal injuries when he was viciously attacked by Rahway police officers as a result of an incident that occurred inside his home located at 160 Murray Street, Rahway, New Jersey 07065.

3.     The aforementioned incident was proximately caused by the negligence of the Defendants.

4.     As a direct and proximate cause of Defendants' negligence and carelessness, Mr. Abreu sustained severe, painful and permanent bodily injuries.

5.     As a result of the incident, the Plaintiff sustained severe, painful and permanent bodily, mental and emotional injuries which have caused him pain and suffering; required medical treatment; caused him to incur medical bills; incapacitated him from pursuing his usual employment and other activities; and have left him with permanent disabilities which will in the future cause him to incur further medical bills and will in the future similarly incapacitate him.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants jointly and severally, for:

(a)     Compensatory damages;

(b)     Punitive damages;

(b)     Prejudgment interest;

(c)     Post judgment interest;

(d)     Attorney's fees;

(e)     Costs of suit; and

(f)     Any other relief which the Court deems equitable and just.

## FOURTH COUNT

1.     Plaintiffs repeat and reiterate the allegations contained in the First, Second and Third Counts of the Complaint as if set forth verbatim and at length herein.

2.     On the aforementioned date, the individually named defendant officers as well as other unknown City of Rahway police officers unlawfully, maliciously and intentionally used excessive force and wrongfully arrested and charged Mr. Abreu.

3.     At the time of the negligence, excessive use of force, and wrongful arrest, the police officers were employed by the Rahway Police Department, the City of Rahway, the County of Hudson and/or the State of New Jersey. The Union City police officers acts of unreasonable force and wrongful arrest were committed while they were acting within the scope of their employment.

4.     Therefore, the Rahway Police Department and the City of Rahway are vicariously liable for the defendant officers' actions.

5.     The course of conduct of the Defendants violated, among other things, State statutes, the United States Constitution, 42 U.S.C. §1983, NJ Civil Rights Act, and/or municipal ordinances.

6.     The Defendants' actions have caused Mr. Abreu to suffer significant damages.

7.     The aforesaid unlawful conduct resulted in false arrest, false imprisonment, negligent detention, negligent infliction of emotional distress, intentional infliction of emotional distress, assault, battery, menacing, harassment, excessive force, police brutality, negligent hiring/training/retention, negligence, gross negligence, reckless disregard, abuse of process, and municipal liability, intentional retaliation and harassment, negligent supervision, statutory violations, conspiracy, fraud, defamation, any common law claim(s), malicious prosecution, violation of public policy, civil rights violations, severe emotional upset, loss of reputation, loss of income, federal and state constitutional rights violations, violations of the New Jersey Civil Rights Act, and any other federal, state or local laws, statutes, regulations, or ordinances.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants jointly and severally, for:

    (a)     Compensatory damages;

    (b)     Punitive damages;

    (b)     Prejudgment interest;

    (c)     Post judgment interest;

    (d)     Attorney's fees;

    (e)     Costs of suit; and

    (f)     Any other relief which the Court deems equitable and just.

THE LAW OFFICES OF RAMON A. CAMEJO, P.C.

BY: _____
     RAMON A. CAMEJO
     **Attorneys for Plaintiffs**

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues in the above matter.

THE LAW OFFICES OF RAMON A. CAMEJO, P.C.

BY: _____
     RAMON A. CAMEJO
     **Attorneys for Plaintiffs**

Dated: April 22, 2015

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c), Ramon A. Camejo, Esq., is hereby designated trial counsel.

THE LAW OFFICES OF RAMON A. CAMEJO, P.C.

BY: _____
RAMON A. CAMEJO
Attorneys for Plaintiffs

## DEMAND FOR INTERROGATORY ANSWERS

Pursuant to R. 4:17-1 (b) (ii), the Plaintiff hereby deman that all Defendants answer the uniform interrogatories listed in Form C and Form C(1) of Appendix II of the Rules of Court.

THE LAW OFFICES OF RAMON A. CAMEJO, P.C.

BY: _____
RAMON A. CAMEJO
Attorneys for Plaintiffs

## CERTIFICATION OF NO OTHER ACTIONS
## PURSUANT TO R. 4:5-1(b)(2)

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding.  I further certify that I have no knowledge of any contemplated action or arbitration proceeding which is the subject matter of this action and that I am not aware of any other parties who should be joined in this action.

THE LAW OFFICES OF RAMON A. CAMEJO, P.C.

BY: _____
RAMON A. CAMEJO
Attorneys for Plaintiffs

Dated: April 22, 2016

**Appendix XII-B1**

## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Ramon A. Camejo, Esq. | (908) 469-4666 | Union |

**FIRM NAME** (If applicable)
The Law Offices of Ramon A. Camejo, P.C.

**OFFICE ADDRESS**
110 Elmora Avenue
Elizabeth, New Jersey 07202

**DOCKET NUMBER** (when available)
UNN-L-1419-16

**DOCUMENT TYPE**
Complaint

**JURY DEMAND**  ☑ YES   ☐ No

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Junior Abreu and Maribel Abreu | Abreu vs. Rahway Police Deartment, et. als. |

**CASE TYPE NUMBER**
(See reverse side for listing)
005

**HURRICANE SANDY RELATED?**
☐ YES   ☐ NO

**IS THIS A PROFESSIONAL MALPRACTICE CASE?**   ☐ YES   ☑ NO

IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A -27 AND APPLICABLE CASE LAW
REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?**
☐ YES   ☑ No

IF YES, LIST DOCKET NUMBERS
N/A

**DO YOU ANTICIPATE ADDING ANY PARTIES**
(arising out of same transaction or occurrence)?
☐ YES   ☑ No

**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY** (if known)
☐ NONE
☑ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**DO PARTIES HAVE A CURRENT, PAST OR
RECURRENT RELATIONSHIP?**
☐ YES   ☑ No

**IF YES, IS THAT RELATIONSHIP:**
☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)
☐ FAMILIAL   ☐ BUSINESS

**DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?**   ☑ YES   ☐ No

**USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION**

**DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?**
☐ YES   ☑ No

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION
N/A

**WILL AN INTERPRETER BE NEEDED?**
☐ YES   ☑ No

IF YES, FOR WHAT LANGUAGE?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

**ATTORNEY SIGNATURE:**

Effective 12-07-2015, CN 10517-English

page 1 of 2

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

### Track III - 450 days' discovery
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
278 ZOMETA/AREDIA
279 GADOLINIUM
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
288 PRUDENTIAL TORT LITIGATION
289 REGLAN

290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300 TALC-BASED BODY POWDERS
601 ASBESTOS
623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

## Please check off each applicable category ☐ Putative Class Action ☐ Title 59

# EXHIBIT B

**THE LAW OFFICES OF RAMON A. CAMEJO, P.C.**
Ramon A. Camejo (Attorney ID No.: 008362006)
110 Elmora Avenue
Elizabeth, New Jersey 07202
Telephone No.: (908) 469-4666
Facsimile No.: (908) 345-6140
Attorneys for Plaintiff, Junior Abreu and Maribel Abreu

| | |
|---|---|
| JUNIOR ABREU AND MARIBEL ABREU, <br><br> Plaintiff, <br><br> vs. <br><br> RAHWAY POLICE DEPARTMENT, CITY OF RAHWAY, DET/SGT. RICHARD LONG, DET. SHAWN GANLEY, DET. THOMAS McCOMB, PO GRESHAM, PO MEZEY, , JOHN DOES 1-10 and ABC CORPORATIONS 1-10 (said names being fictitious designations), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: UNION COUNTY DOCKET NO.: UNN-L-1419-16 <br><br> **Civil Action** <br><br> **SUMMONS** |

From The State of New Jersey To the Defendant(s) Named Above: **Rahway Police Department, Det/Sgt. Richard Long, Det. Shawn Ganley, Det. Thomas Mccomb, Po Gresham, Po Mezey**

    The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 for Law Division and $135.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff's demand, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

JENNIFER PEREZ

Jennifer Perez /s/
Clerk of the Superior Court

DATED: July 28, 2016

Name of Defendants to be Served: **Rahway Police Department, Det/Sgt. Richard Long, Det. Shawn Ganley, Det. Thomas Mccomb, Po Gresham, Po Mezey**

Address of Defendant to be Served: 1 City Hall Plaza, Rahway, New Jersey 07065