## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JUNIOR ABREU, et al.,** | : | **Civil Action No. 16-4894 (KM) (MAH)** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **ORDER** |
| | : | |
| **RAHWAY POLICE DEPARTMENT,** et al., | : | |
| | : | |
| **Defendants.** | : | |

This matter having come before the Court for a status conference held on the record on September 5, 2023;

and Plaintiffs having filed a motion to reopen this case on June 14, 2023, D.E. 11, and Defendants City of Rahway and Rahway Police Department having cross-moved to dismiss Plaintiff's Complaint on July 24, 2023, D.E. 17;

and during today's status conference, Defendants having requested that the Court stay discovery in this matter under after the motion to dismiss is decided;

and Plaintiffs having opposed that request;

and the Court having heard argument from the parties regarding their positions on whether the Court should enter a stay pending resolution of Defendants' motion to dismiss;

and for the reasons set forth on the record, the Court finds that there is good cause to stay discovery during the pendency of the motion;[1]

---

[1] Courts generally consider the following factors when determining whether to stay a matter pending the resolution of a dispositive motion:

**IT IS ON THIS 5th day of September 2023,**

**ORDERED** that Plaintiff's opposition to Defendant's motion to dismiss is due not later than **September 19, 2023** and Defendant's reply brief is due by **October 3, 2023**; and it is further

**ORDERED** that discovery in this matter is stayed pending adjudication of Defendants' motion to dismiss; and it is further

**ORDERED** that within fourteen days (14) of the District Court's ruling on the motion to dismiss, if any portion of this case remains, the parties shall file a jointly proposed scheduling order.

*s/ Michael A. Hammer*
**United States Magistrate Judge**

---

(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019). In addition to the consideration of those factors, it is well-settled that "it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010).